UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER NICHOLSON,
#462661,

    Petitioner,                                                    Civil Action No. 18-CV-11665

vs.                                                            HON. BERNARD A. FRIEDMAN

CATHERINE BAUMAN,

    Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S
## MOTION FOR RELIEF FROM JUDGMENT

This matter is presently before the Court on petitioner's motion for relief from judgment. (ECF No. 24). For the following reasons, the Court shall deny the motion.

Petitioner is an inmate at Oaks Correctional Facility in Manistee, Michigan. The Michigan Court of Appeals has summarized the facts underlying petitioner's convictions as follows:

> Defendant's convictions are the result of a robbery by two men, one with a gun, of a gas station attended by Stephen Herrod. Evidence indicated that the robbers were wearing bandanas and that one was wearing a black hat. The day after the robbery, a jogger discovered two bandanas, a hat or ski mask, and a gun that looked like it had been broken. The discovery was made on a road a little over a mile from the robbery. The items were tested and DNA from one of the bandanas matched defendant's DNA profile that was in a database. Thereafter, defendant's apartment was searched. A distinctive shirt or jersey was discovered that matched the shirt of one of the robbers.

*People v. Nicholson*, No. 333546, 2017 WL 3441514, at *1 (Mich. Ct. App. Aug. 10, 2017). Following a jury trial in Washtenaw County Circuit Court, petitioner was convicted of armed robbery, MICH. COMP. LAWS § 750.529, and conspiracy to commit armed robbery, MICH. COMP.

LAWS § 750.157a, and was sentenced as a habitual offender to concurrent sentences of 18 to 30 years' imprisonment. *See id*.

Following appeals in state court, petitioner filed an application for a writ of habeas corpus, seeking relief on five grounds. (ECF Nos. 1, 16). In a June 6, 2021, opinion and order this Court denied his petition, denied a certificate of appealability, and denied leave to proceed in forma pauperis on appeal. (ECF No. 18). The Court also entered judgment in favor of respondent and against petitioner. (ECF No. 19). Petitioner now requests relief from that judgment.

The Sixth Circuit has explained that "[Fed. R. Civ. P.] 60(b) allows the trial court to relieve a party from a final judgment for the following reasons, among others: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Id*. Further, "Rule 60(b)(6) . . . applies only in exceptional and extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b)." *Id*. at 387.

In the instant motion, petitioner argues:

> There was an oversight on this Court's behalf regarding the third issue of my habeas petition. This Court only answered that argument in part[,] neglecting the more relevant aspect of the issue. Petitioner's interrogatory statement as to the address to where he lived[] [a]nd the location within the residence where [the] t-shirt was located was illegally obtained – in violation of the Fifth Amendment of the United States Constitution.

(ECF No. 24, PageID.804).

Petitioner's third ground for release argued:

2

> Detective David Monroe arrested me, took me into custody, read me my *Miranda* rights, then proceeded to interrogate me rigorously! I subsequently asked [for] a lawyer on four different occasions over the course of about an hour with Det. Monroe asking me for consent to search where I was living (my pastor's house). After my numerous attempts to invoke my right to counsel. He also asked me for the correct address because he had the wrong one. I then gave in and told him what he wanted to know.

(ECF No. 1, PageID.8).

In the June 6, 2022, opinion and order, the Court stated in relevant part:

> The Fifth Amendment, made applicable to the states by the Fourteenth Amendment, protects an accused from compulsory self-incrimination. In *Miranda v. Arizona*, 384 U.S. 436, 479 (1966), the Supreme Court held that the prohibition against compelled self-incrimination requires a custodial interrogation to be preceded by advice that the putative defendant has the right to an attorney and the right to remain silent. The Court further held that if the putative defendant invokes his right to counsel, "the interrogation must cease until an attorney is present." *Id*. at 474. In *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981), the Supreme Court reaffirmed the rule established in *Miranda* that, when a suspect has invoked the right to have counsel present during custodial interrogation, the suspect may not be "subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police."
> 
> The Michigan Court of Appeals held that petitioner's Fifth Amendment rights were not violated when the police requested his consent to search his apartment because the request was not an interrogation and petitioner's consent, by itself, was not evidence tending to incriminate him. *See Nicholson*, 2017 WL 3441514, at *2.
> 
> The state court's decision was not contrary to, or an unreasonable application of, Supreme Court precedent. A request to consent after the invocation of the right to counsel does not violate the Fifth Amendment because "[t]he protections of [that] amendment only apply to incriminating evidence of a testimonial or communicative nature." *United States v. Cooney*, 26 F. App'x 513, 523 ([6th Cir.] 2002). Thus, petitioner fails to allege a violation of his Fifth Amendment rights.

*Nicholson v. Bauman*, No. 18-CV-11665, 2021 WL 2338992, at *4-5 (E.D. Mich. June 8, 2021).

On March 24, 2022, the Sixth Circuit affirmed this Court's opinion and order on appeal, stating in relevant part:

> Regarding Nicholson's Fifth Amendment claim, there is no dispute that, during his initial interrogation, Nicholson requested an attorney. And there also is no dispute that, after Nicholson requested an attorney (according to him, four times), the detective requested Nicholson's consent to search his residence. Nicholson argues that this sequence of events renders his consent unlawfully obtained because, once he invoked his *Miranda* rights, all questioning should have ceased. But "[t]he protections of the Fifth Amendment only apply to incriminating evidence of a testimonial or communicative nature." *United States v. Cooney*, 26 F. App'x 513, 523 (6th Cir. 2002) (citing *Schmerber v. California*, 384 U.S. 757, 760-61 (1966)). And "[t]he courts that have considered this issue unanimously agree that consenting to a search is not an incriminating statement under the Fifth Amendment because the consent is not evidence of a testimonial or communicative nature." *Id*. (collecting cases). As the Michigan Court of Appeals noted here, the search conducted following the consent may yield incriminating evidence, but the consent itself is not incriminating. *Nicholson*, 2017 WL 3441514, at *2. Consequently, the court concluded that Nicholson's Fifth Amendment right to counsel was not violated by the officer's asking him for his consent to search. *Id*. Reasonable jurists would not disagree with the district court that the state appellate court reasonably determined that Nicholson's consent was lawfully obtained and that the resulting search was lawful.

(ECF No. 25, PageID.819).

In the present case, petitioner has failed to demonstrate a mistake of law, an exceptional and extraordinary circumstance, or any other basis for relief from judgment. Although the legal analysis in this case has focused on petitioner's consent to search, rather than the presently challenged provision of his home address, the same legal reasoning and conclusion apply. A search may, and in petitioner's case did, reveal incriminating evidence, however providing his home address to Detective Monroe did not constitute "evidence of a testimonial or communicative nature," and thus was not an incriminating statement under the Fifth Amendment. The Supreme

Court has stated that "[d]isclosure of name and address is an essentially neutral act," adding that it would be "the 'extravag[]ant' extension of the privilege Justice Holmes warned against to hold that [providing one's address] is testimonial in the Fifth Amendment sense." *California v. Byers*, 402 U.S. 424, 431-32 (1971). Accordingly,

IT IS ORDERED that petitioner's motion for relief from judgment (ECF No. 24) is denied.

Dated: July 7, 2022  
Detroit, Michigan

s/Bernard A. Friedman  
Bernard A. Friedman  
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on July 7, 2022.

**Christopher Nicholson** #462661  
OAKS CORRECTIONAL FACILITY  
1500 CABERFAE HIGHWAY  
MANISTEE, MI 49660

s/Johnetta M. Curry-Williams  
Case Manager